STATE OF NEBRASKA, PLAINTIFF, V. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY ET AL., DEFENDANTS.

FILED SEPTEMBER 22, 1916. No. 19539.

1. Carriers: MAXIMUM RATE STATUTE: INJUNCTION. When, on an application for a writ of injunction to restrain a railroad company from violating a maximum rate statute, the record shows that from the time the statute became effective, over a long term of years, the defendant has obeyed the provisions of the statute, and on the hearing makes a positive showing of its intention to continue so. to do, and there is a total lack of proof of intention or design on the part of the defendant to depart from the policy it has theretofore pursued, the application will be denied.

2. Courts: JURISDICTION. When, on application to this court for a writ of injunction, it appears that the federal court for this state has theretofore taken jurisdiction of the subject-matter and that the matters in controversy are then on hearing in that court, the writ will be denied.

Suit for an injunction. *Injunction denied.*

*Willis E. Reed, Attorney General,* for plaintiff.

*Byron Clark, E. P. Holmes, A. A. McLaughlin, Edson Rich, B. P. Waggener, R. A. Brown* and *J. A. C. Kennedy, contra.*

MORRISSEY, C. J.

This is an original action wherein the state, through its attorney general, prayed for a writ of injunction against the defendants forbidding them and each of them from violating section 6074, Rev. St. 1913, known as the "mileage book" statute, and section 6067, Rev. St. 1913, known as the "two-cent rate" statute, and forbidding defendants or any of them from taking any steps to restrain the state or its officers from enforcing the provisions of said statutes.

Before the petition herein was filed the defendants, Chicago, Rock Island & Pacific Railway Company and Missouri Pacific Railway Company had sued out in the federal court for this state injunction orders against the officers of the state, restraining the enforcement of these statutes. The federal court having acquired jurisdiction of the subject-matter, this court refrained from issuing an order as against these two defendants, but issued its restraining order, as prayed, against the other defendants. The defendants Union Pacific Railroad Company and St. Joseph & Grand Island Railway Company took removal orders to the federal court. We thereby lost jurisdiction of them, and they will be considered no further.

It is alleged in the petition that the defendants Chicago & Northwestern Railway Company and Chicago, St. Paul, Minneapolis, & Omaha Railway Company and Chicago, Burlington & Quincy Railroad Company were conspiring and confederating with the other defendants with the intention of violating the provisions of the two statutes mentioned, but on a hearing these defendants submitted the affidavits of their managing agents and officers specifically denying these allegations of the petition, and disclaiming any intention of violating the provisions of these statutes. These statutes were passed in 1907, and became effective in that year, and from that time to this these defendants have observed their provisions. Having obeyed these statutes for so many years, and now positively denying any intention to violate them, without any

showing on the part of the state that they have made any move looking to their violation, we can see no cause for granting an injunction against them, and as to them the application will be denied.

No doubt, the attorney general, learning that the Chicago, Rock Island & Pacific Railway Company and Missouri Pacific Railway Company were taking steps to prevent the enforcement of the statutes, felt in duty bound to bring in all of the railroads in the state and enjoin them against the violation of the statutes, or require them to submit showings to the effect that they intended to obey the statutes. He may be commended for his vigilance, but the roads that have made a proper showing ought not to be held in court, and are entitled to a dismissal.

There has been some suggestion that, because the actions brought by the defendants, Chicago, Rock Island & Pacific Railway Company and the Missouri Pacific Railway Company in the federal court were brought against the attorney general and the railway commission, while this suit is brought in the name of the state, the controversy may proceed in both courts at the same time. This point is not briefed by either party. Before action was taken on this petition the federal court had acquired jurisdiction of the subject-matter, testimony is now being taken in that court, and the attorney general is there protecting the interests of the state. There is no necessity to determine the question of concurrent jurisdiction or to duplicate the work that is being done in the federal court. That court has jurisdiction over the subject-matter of this action, so far as the Chicago, Rock Island & Pacific Railway Company and the Missouri Pacific Railway Company are concerned, and, having first acquired jurisdiction, it will retain it, and the application as to these defendants is denied.

INJUNCTION DENIED.

Rose, J., not sitting.